<u>**NOT FOR PUBLICATION**</u>

_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

——————————————————
                                                    :
ARDIS M. BALIS                         :
                                                    :
                    Plaintiff,              :
                                                    :      Civ A. No. 08-3456 (SRC)
v.                                                 :
                                                    :      **OPINION**
REALTYLINE, NINETTA PAPPAS,   :
DORIT COHEN, JANET SERBONE   :
AND DENNIS KERRIGAN             :
                                                    :
                    Defendants.           :
——————————————————:

<u>**Chesler, U.S.D.J.**</u>

        This matter comes before the Court on the motion to dismiss [Docket Entry No. 11] filed

by Defendants Realtyline, Ninetta Pappas, Dorit Cohen, Janet Serbone and Dennis Kerrigan

(collectively "the Defendants").  For the reasons set forth below, the Court grants Defendants'

motion to dismiss the Title VII and ADEA claims asserted against Defendants Pappas, Cohen,

Serbone and Kerrigan (the "Individual Defendants"), denies the motion to dismiss the assault and

intentional infliction of emotional distress claims asserted against one or more of the Individual

Defendants and denies the motion to dismiss the claims asserted against Defendant Realtyline.

**I. Background**

        This case arises out of a dispute over Plaintiff's employment with Defendant Realtyline.

Briefly, Plaintiff was hired on February 6, 2007 as a part-time receptionist in Defendant

Realtyline's real estate office located in Fort Lee, New Jersey.  During the time Plaintiff was

employed by Realtyline, Defendants Cohen, Pappas and Cerbone were Realtyline employees and stockholders in the company and Defendant Kerrigan was employed as a full-time administrative assistant in the Fort Lee office.

According to Defendants, beginning on or about July 2007 Defendants Cohen and Pappas received several complaints from Realtyline real estate agents who "mistrusted [Plaintiff] and were concerned that she might misuse her access to confidential client information and financial records." (Defendants' Brief at 2.) After Plaintiff was apprised of these concerns, she tendered her resignation on August 3, 2007 and received two weeks of severance pay. On or about August 17, 2007, Plaintiff filed a complaint with the New Jersey Department of Labor and Workforce Development against Realtyline, Pappas, Cohen and Cerbone claiming that Realtyline had failed to pay her wages in the amount of $5,000.00. The complaint was heard and subsequently dismissed on October 30, 2007. Plaintiff also filed a complaint against Realtyline and Pappas in Small Claims Court, Bergen County, seeking payment for work allegedly done on Realtyline's website.

On July 10, 2008, Plaintiff, proceeding *pro se*, filed a complaint in this Court asserting claims against the Defendants for (1) hostile work environment and discrimination based on Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, (2) assault, (3) intentional infliction of emotional distress and (4) discrimination based on Plaintiff's age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623 *et seq.* By Order dated July 22, 2008, this Court *sua sponte* dismissed Plaintiff's complaint pursuant to 28 U.S.C. 1915(e)(2)(B) based on Plaintiff's failure to plead exhaustion of remedies as required by Title VII and the ADEA [Docket Entry No. 2]. Plaintiff subsequently filed an amended complaint ("the Complaint") on August 25, 2008, in which Plaintiff asserts that

she has "filed a charge with the [EEOC] or similar state agency[] 60 days prior to the filing of

this Amended Complaint and [has] exhausted her administrative remedies."  Defendants now

move to dismiss the Complaint in its entirety.

## II. Discussion

### A.  *Pro Se* Standard of Review

Plaintiff proceeds *pro se* in this action.  It is well settled that a *pro se* pleading is held to

less stringent standards than more formal pleadings filed by lawyers.  Haines v. Kerner, 404 U.S.

519, 520 (1972).  Our jurisprudence directs that a *pro se* complaint should be dismissed at this

stage of the litigation only where "it appears beyond doubt that the plaintiff can prove no set of

facts in support of her claim which would entitle her to relief."  McDowell v. Delaware State

Police, 88 F.3d 188, 189 (3d Cir.1996) (quoting Haines, 404 U.S. at 520).

### B.  Motion to Dismiss Under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

courts must "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d

Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A

Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate

"enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly,

127 S. Ct. 1955, 1974 (2007).  The Supreme Court has characterized dismissal with prejudice as

a "harsh remedy."  New York v. Hill, 528 U.S. 110, 118 (2000).  Accordingly, "[t]he defendant

bears the burden of showing that no claim has been presented."  Hedges v. United States, 404

F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340 (2d ed. 1990)).

**C.  Defendants' Motion to Dismiss the Claims Asserted Against Realtyline**

Defendants move to dismiss Plaintiff's claims against Realtyline based on Plaintiff's failure to exhaust administrative remedies.  Specifically, Defendants contend that this Court must dismiss Plaintiff's Title VII and ADEA claims because Plaintiff has not filed a claim with the EEOC pursuant to 42 U.S.C. § 2000(e) et seq. and has failed to obtain a right-to-sue letter. (Defendants' Brief at 6.)  Defendants doubt that Plaintiff has filed a charge of discrimination with the EEOC during the defined statutory time period because Plaintiff has failed to provide

Defendants with a copy of a right-to-sue letter and Defendants have not been notified of a charge against them by the EEOC. (Defendants' Brief at 4.) They conclude, therefore, that Plaintiff has improperly invoked the jurisdiction of this Court by failing to provide proof of exhaustion through the production of the EEOC right-to-sue letter.

A plaintiff seeking relief under Title VII must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if, as here, the plaintiff initially instituted proceedings with a state agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC must "notify the person aggrieved" that she can file suit. 42 U.S.C. § 2000e-5(f)(1). Notification is accomplished through a right-to-sue letter. Once a person receives an EEOC right-to-sue letter, she has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1).

Defendants purportedly move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). However, they repeatedly conclude that, by filing a Title VII claim without exhausting her administrative remedies, Plaintiff has improperly invoked the jurisdiction of this Court. (See Defendants' Brief at 1, 6.) Plaintiff's failure to obtain a right-to-sue letter from the EEOC does not preclude federal court jurisdiction in a Title VII case. In Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), the Supreme Court held that, although Title VII requires that plaintiffs timely exhaust administrative remedies, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Id. at 393. The Supreme Court explained that Title VII's timeliness provision is entirely separate from Title VII's jurisdictional provisions and "does not speak in jurisdictional terms or refer in any way to the jurisdiction of

the district courts." Id. at 394. Because Title VII's provisions requiring notice of the right-to-sue are similarly separate from the jurisdictional provisions, the right-to-sue requirement is similarly non-jurisdictional. See Gooding v. Warner-Lambert, Co., 744 F.2d 354, 358 (3d Cir. 1984) (holding that a right-to-sue letter "is not a 'jurisdictional' requirement in the constitutional sense, but rather a statutory requirement designed to give the administrative process an opportunity to proceed before a lawsuit is filed."); See also Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 2000) (concluding that failure to exhaust administrative remedies is a defense "in the nature of statutes of limitation and does not affect the District Court's subject matter jurisdiction."); Pietras v. Bd. of Fire Comm'rs, 180 F.3d 468, 474 (2d Cir. 1999) ("Every circuit before us that has faced the question has held that a plaintiff's failure to obtain a notice-of-right-to-sue [ ] letter is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court."). Therefore, the Court examines Defendant's motion to dismiss for failure to exhaust as having been brought under Rule 12(b)(6).

When considering a motion to dismiss a complaint under Rule 12(b)(6), the Court must accept as true all facts alleged by the non-moving party and any reasonable inferences that can be drawn therefrom. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (citing Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988)). Plaintiff must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2). The Federal Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Weston v. Pennsylvania, 251 F.3d

420, 429 (3d Cir. 2001) (denying motion to dismiss under 12(b)(6) where Title VII claims, while "not strong, [were] nonetheless sufficient to meet [the Federal Rules] lenient standards of notice pleading.").   Nevertheless, Defendants claim that Plaintiff's failure to plead or otherwise prove the issuance of a right to sue letter requires dismissal of the complaint.  Citing Glus v. G.C. Murphy Co., 562 F.2d 880 (3d Cir. 1977), Defendants claim that "Plaintiff's unsubstantiated allegations concerning her alleged EEOC filing, and her failure to provide a 'right to sue letter' are fatal to her claims and necessitate the dismissal of the Amended Complaint." (Plaintiff's Brief at 6-7.)  However, no fair reading of Glus can support the contention that a court must dismiss a Title VII claim in which a plaintiff fails to allege an EEOC charge and provide proof of the issuance of a right-to-sue letter.  The Court did not establish a heightened pleading requirement for pursuing a Title VII claim.  Rather, the Third Circuit in Glus simply stated that "it is [] established doctrine that a charge must be filed against a party with the EEOC before an action in the district court can be commenced."  562 F.2d at 885.[1]  Here, Plaintiff, proceeding *pro se*, has pled that she has "exhausted her administrative remedies."  (See Amended Complaint at 1.)  In the Court's view, this is sufficient.[2]  Therefore, because Plaintiff claims that she has exhausted her administrative remedies in accordance with the statutory requirements of Title VII

---

[1] To the extent that Glus can arguably be read to hold that the filing of an EEOC charge and the issuance of a right-to-sue letter are jurisdictional requirements, that holding has been explicitly disavowed by the Third Circuit in Gooding and Anjelino.

[2] The Court recognizes that it is not required to credit a party's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Markowitz, 906 F.2d at 103.  However, at this stage of the litigation, the mere failure by Plaintiff to provide Defendants with a copy of a right-to-sue letter does not warrant a dismissal of the Complaint for failure to state a claim upon which relief may be granted.

and the ADEA, Defendant's motion to dismiss the claims asserted against Realtyline is denied. [3]

While the Court concludes that Defendants' motion to dismiss the claims against Realtyline must be denied because Plaintiff has adequately pled exhaustion of remedies, the Court remains cognizant of the statutory requirements for bringing a claim under Title VII. Title VII clearly requires that a plaintiff timely file a charge with the EEOC and, if the EEOC does not bring suit on the charge, that Plaintiff obtain a right-to-sue letter from the Commission prior to bringing a cause of action in federal court. The burden of proof of compliance with the statutory requirements remains squarely upon Plaintiff. Therefore, while the Court will deny Defendants' motion to dismiss the claims against Realtyline for the reasons stated above, it will order Plaintiff to provide Defendants with a copy of the EEOC right-to-sue letter or other evidence which suffices to confirm that Plaintiff has, as she claims, exhausted all administrative remedies as required by Title VII. Such evidence must be provided to Defendants within twenty (20) days of the date of the Order accompanying this Opinion. In the event that Plaintiff fails to provide Defendants with proof sufficient to establish that she has, in fact, exhausted her administrative remedies, Defendants may move for summary judgment pursuant to Fed. R. Civ. P. 56.

### D. Defendants' Motion to Dismiss the Claims Asserted Against the Individual Defendants

Additionally, Defendants move to dismiss Plaintiff's claims against Defendants Pappas, Cohen, Kerrigan and Cerbone. Defendants contend that dismissal is proper as to those claims against the Individual Defendants because neither Title VII nor the ADEA provide for individual

---

[3] While the Third Circuit in <u>Gooding</u> noted that the absence of a right-to-sue letter could constitute grounds for dismissal under Rule 12(b)(6), the fact that the *pro se* Plaintiff in this case has affirmatively pled exhaustion of remedies is sufficient grounds for the Court to deny the motion. <u>Gooding</u>, 744 F.2d at 358 n.5.

liability.  Plaintiff responds that the motion to dismiss should be denied because Defendants are, in fact, employers as defined by statute.

As an initial matter, the Court dismisses Plaintiff's Title VII and ADEA claims against Defendants Pappas, Cohen and Cerbone because Plaintiff has offered no facts to support a finding that these three defendants had anything to do with Plaintiff's resignation or the alleged actions leading up to it.  In fact, nowhere outside of the case caption does Plaintiff even mention these defendants in the Amended Complaint, nevermind assert facts sufficient to put them on notice of the claims asserted against them and the facts underlying those claims.  In addition, the Court dismisses the Title VII and ADEA claims against the fourth individual defendant, Dennis Kerrigan, because Plaintiff has offered no facts to support a finding that Kerrigan is an employer under Title VII or the ADEA. Title VII and the ADEA only permit causes of action against an employer, not against individual employees.  See Sheridan v. E.I. DuPon De Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996) ("...Congress did not intend to hold individual employees liable under Title VII."); Hill v. Borough of Kutztown, 455 F.3d 25, 249 n.29 (3d Cir. 2006) ("...the ADEA does not provide for individual liability.").[4]  Therefore, the Court dismisses Plaintiff's Title VII and ADEA claims against Defendants Ninetta Pappas, Dorit Cohen, Janet Cerbone and Dennis Kerrigan.

Finally, the Court notes that Defendants have moved to dismiss the Complaint in its entirety.  The Complaint includes a claim for assault (Claim No. 2) asserted against Defendant Kerrigan and a claim for intentional infliction of emotional distress (Claim No. 3) seemingly

---

[4] Even if Plaintiff were to amend the Complaint to state facts supporting claims against Pappas, Cohen and Cerbone, dismissal of the Title VII and ADEA claims would still be appropriate because neither statute provides for individual liability.

-9-

asserted against all of the Individual Defendants.  Because none of the parties address the dismissal of these claims in their briefs, the Defendants' motion to dismiss with respect to these claims is denied.

**III.  Conclusion**

    For the reasons stated above, Defendants' motion to dismiss the Title VII and ADEA claims (Claim Nos. 1 and 4) asserted against Defendants Pappas, Cohen, Cerbone and Kerrigan is granted.  Defendants' motion to dismiss the assault and intentional infliction of emotional distress claims asserted against the Individual Defendants is denied.  Likewise, Defendants' motion to dismiss the Title VII and ADEA claims against Realtyline is denied, with the qualification that Plaintiff, within twenty (20) days of the date of the accompanying Order, is to provide Defendants with a copy of the EEOC right-to-sue letter or other evidence sufficient to establish that she has, in fact, exhausted her administrative remedies.  An appropriate Order follows this Opinion.

                                           s/ Stanley R. Chesler
                                          Stanley R. Chesler,
                                          United States District Judge

Dated: March 24, 2009